STATE ex rel. PROSPERITY BUILDING AND LOAN ASSOCIATION, Appellant, v. WILLIAM J. HANLEY, Justice, etc., Respondent.

St. Louis Court of Appeals, November 15, 1898.

*Appeal from the St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

REVERSED AND REMANDED (*with directions*).

EUGENE MCQUILLIN for appellant.

The justice, respondent herein, should be taxed with the costs of the mandamus proceedings. Fox v. Whitney, 32 N. H. 408; People v. Musical M. P. Union, 118 N. Y. 101; U. S. v. Schurz, 102 U. S. 378, 407; Kendall v. U. S., 12 Pet. 524; U. S. v. Boutwell, 17 Wall. 604; Green v. Mayor, etc., 2 Gale & Davidson, 1 Q. B. 751; Ballon v. Smith, 31 N. H. 413; Merrell on Mandamus, sec. 310. In Missouri, costs are creatures of statute and are taxable only as the statutes provide. St. Louis v. Meintz, 107 Mo. 611; Hoover v. Railroad, 115 Mo. 77; Thompson v. Union Elevator Co., 77 Mo. 520. In all civil actions, unless otherwise provided, the prevailing party shall recover his costs. R. S. 1889, sec. 2920; Hawkins v. Nowland, 53 Mo. 328. Where judgment is given for the person suing out the writ of mandamus, or a judgment is given for him on demurrer or by *nil dicit*, or for want of a replication or other pleading, "he shall recover his damages and costs." R. S. 1889, sec. 6816.

CHAS. L. MOSS for respondent.

The court below held that the justice be ordered to try the cause sent up by him and that the costs should be paid by the relator. To this judgment, as a whole, there was no exception taken by the relator and from such judgment no appeal has been taken. There is no case here within the provisions of our statute governing appeals. Laws 1895, p. 91. A motion to retax costs had no application here; there being no question within the provisions of section 2941, Revised Statutes 1889. The general provisions of our statutes as to costs (section 2920) are not applicable to mandamus proceedings, because there (chapter 105) "special provisions are made by law." It is not required that costs be given the relator save where he could recover "in an action for a false return" which was not the case here. State ex rel. v. Ryan, 2 Mo. App. 308. Appellate courts will only review action in awarding costs where there was a palpable abuse of power. Shields v. Bogliolo, 7 Mo. 134; Wallire v. Walton, 19 Mo. 667; Turner v. Johnson, 95 Mo. 431; Redman v. Thomas, 39 Mo. App. 143; Bobb v. Wolff, 54 Mo. App. 515. The relator accepted the judgment of the court below except as to costs and is in the position of having accepted the whole. The judgment is an entirety. Waddingham v. Waddingham, 27 Mo. App. 596; Chase v. Williams, 74 Mo. 429; RoBards v. Lamb, 76 Mo. 192. A judgment for costs will not support an appeal. The appeal must be from an entire and final judgment. Boyle v. Clark, 59 Mo. App. 187.. Our courts will not punish its judiciary by assessing them with costs for mistakes in judicial acts—*such is not our practice.* Not one of the cases cited by appellant maintains or hints at such view; all the cases cited by appellant being

where performance of ministerial duties were in question. If the case in 32 N. H. 302, be claimed as an exception we reply that there the justice was in contempt.

BLAND, P. J.—For the reason stated in case of State ex rel. Prosperity Building and Loan Association v. William J. Hanley, justice of the peace, decided at this term, this cause is reversed and the cause remanded, with directions that the costs be taxed to William J. Hanley. All concur.